IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES ex rel. GILBERTO )
GONZALEZ #K-69916,                )
                                  )
            Petitioner,           )
                                  )
     v.                           )    No.  13 C 314
                                  )
MICHAEL ATCHISON,                 )
                                  )
            Respondent.           )

MEMORANDUM OPINION AND ORDER

Gilberto Gonzalez ("Gonzalez") has filed a Petition for Writ of Habeas Corpus ("Petition")[1] to challenge his conviction on a first-degree murder charge on which he is now serving a 48-year sentence.  This memorandum opinion and order is issued sua sponte to address a threshold question posed by the Petition before any consideration of the merits is in order.

With the acknowledged goal of curtailing the role of federal courts under 28 U.S.C. §2254,[2] which now codifies (but limits substantially) the scope of what used to be called (with good reason) the Great Writ of habeas corpus, in evaluating claimed constitutional violations in connection with state court criminal

_____

[1]  Although the original Petition was prepared on the printed form of such habeas petitions made available by the Clerk's Office of this District Court, with appropriate information provided by Gonzalez' hand-printed insertions, the Judge's Copy delivered to this Court's chambers was entirely hand-printed, including the identical information (apparently Gonzalez lacked access to duplicating facilities).

[2]  All further references to Title 28's provisions will simply take the form "Section--."

convictions, Congress has enacted a set of standards that

includes a one-year statute of limitations (Section 2244(d)(1)),

measured from the latest of four specified dates. What applies

in Gonzalez' case is the first-listed of those dates (Section

2244(d)(1)(A)):

> the date on which the judgment became final by the
> conclusion of direct review or the expiration of the
> time for seeking such review.

Petition Pt. I ¶4(A)(2) identifies March 25, 2009 as the

date when Gonzalez exhausted his efforts to obtain direct review

of his conviction (that was the date on which the Illinois

Supreme Court denied leave to appeal from the Illinois Appellate

Court's affirmance of that conviction).[3] Although Petition Pt. I

¶5 reports that Gonzalez did not then seek a writ of certiorari

from the United States Supreme Court, controlling caselaw adds

the 90-day period within which such an application could have

been filed to the March 25, 2009 date. That makes June 23, 2009

the date on which the one-year limitations clock began to tick.

It is at that point that the information provided by

Gonzalez' Petition leaves an important gap. Petition Pt. II

---

[3] For purposes of this preliminary discussion, this opinion
will assume that no step of that direct appeal process involved
any delay that would run time off of the one-year limitations
clock. Because some additional information must be provided by
Gonzalez in any event, however, his supplemental submission
ordered in this opinion should also flesh out the timing of those
steps so that this Court can confirm the correctness of that
assumption (or learn of its incorrectness).

provides input as to Gonzalez' state court post-conviction

proceedings, but ¶B of that Part speaks only of the Cook County

Circuit Court's date of <u>dismissal</u> of Gonzalez' post-conviction

petition--no information is provided as to the date on which he

<u>filed</u> that petition.  That latter date, rather than the dismissal

date, is made relevant by the tolling provision of Section

2244(d)(2):

> The time during which a properly filed application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

Petition Pt. II goes on to specify the dates on which the

Illinois Appellate Court affirmed the dismissal of his post-

conviction petition and on which the Illinois Supreme Court

denied leave to appeal from that affirmance.  That latter date of

September 26, 2012, which marked the end of the tolling period,

means that at least 2 months and 28 days elapsed from the end of

that tolling period until Gonzalez submitted the Petition for

consideration by this District Court.[4]

---

[4]  "At least" is used advisedly here, for the Petition bears
a January 15, 2013 stamp from the Clerk's Office.  This Court of
course gives Gonzalez the benefit of the "mailbox rule" in
accordance with <u>Houston v. Lack</u>, 487 U.S. 266 (1988), but there
is a full three week time gap between the December 24, 2012 date
that Gonzalez' Certificate of Service states he placed the
Petition in the mailbox at Menard Correctional Center and the
January 15, 2013 date of the Clerk's Office stamp.  If the
calculation based on Gonzalez' further submissions ordered by
this opinion results in a close call, that time gap would have to
be explored further.

In summary, Gonzalez must supplement the Petition promptly with the following additional information:

     1.  any delays in the course of the direct review of Gonzalez' conviction that did not conform to the statutory time requirements at any of the successive levels of review;

     2.  the date on which Gonzalez filed his post-conviction petition in the Circuit Court of Cook County;

     3.  any delays in the course of the successive levels of Gonzalez' post-conviction proceedings that did not conform to the statutory time requirements at any of those levels.

Gonzalez is ordered to file that supplemental information on or before February 4, 2013 to enable this Court to determine the timeliness vel non of the Petition--a determination that will control the decision as to whether to go on to consider the Petition's substantive content.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 17, 2013

4