**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>**GILBERTO GONZALEZ**, #K69916,<br><br>        Petitioner,<br><br>    v.<br><br>**RICK HARRINGTON**, Warden,<br>Menard Correctional Center,[1]<br><br>        Respondent. | Case No. 13 C 314 |

## MEMORANDUM OPINION AND ORDER

Counsel for respondent Warden Rick Harrington in this 28 U.S.C. § 2254[2] habeas case, having sought and received an extension of time to file a response to the pro se Petition for Writ of Habeas Corpus ("Petition") brought pro se by Gilberto Gonzalez ("Gonzalez"), has now timely filed a motion to dismiss the Petition as itself untimely. This memorandum opinion and order will address that issue of timeliness in terms of the standards set by Section 2244(d).

There was a gap of some 3-1/2 years between the date on which Gonzalez' sentence became final (June 23, 2009 -- see this Court's initial memorandum opinion and order ("Opinion") issued in this case on January 17, 2013) and the date on which Gonzalez is treated as having filed his Petition (again see the Opinion, which set that date as no earlier than December 24, 2012 with the benefit of the "mailbox rule"). That being the case, Gonzalez must

---

[1] Warden Harrington has succeeded Mike Atchison as the petitioner's custodian at Menard Correctional Center. This Court orders that Warden Harrington be substituted as the named respondent in accordance with Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts ("Section 2254 Rules") and Fed. R. Civ. P. 25(d).

[2] All further references to Title 28 provisions will simply take the form "Section --."

seek shelter under the tolling provisions of Section 2244(d)(2) to avoid the one-year limitation period prescribed by Section 2244(d)(1).

It is there that Gonzalez flounders. Section 2244(d)(2) provides a statutory tolling for the "time during which a <u>properly</u> <u>filed</u> application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is <u>pending</u>." (emphases added). In that respect, although Gonzalez twice filed motions in the Cook County Circuit Court seeking leave to file a late post-conviction petition, once on June 1, 2009 and then again on December 8, 2009, on neither of those occasions did he tender anything that could even arguably qualify as such a petition. It was not until October 13, 2010 that Gonzalez -- then acting through counsel -- actually filed a post-conviction petition.

Simply put, that time sequence confirms that Gonzalez flat-out fails to qualify under Section 2244(b)(2). <u>Rice v. Bowen</u>, 264 F.3d 698, 701 (7th Cir. 2001) (per curiam) teaches:

> A petition for state post-conviction relief is properly filed for tolling purposes under 28 U.S.C. § 2244(d)(2) if it is delivered to, and accepted by, the appropriate court officer for placement in the official record, and its delivery and acceptance are in compliance with the applicable state laws and rules governing filings.

Because no petition or anything resembling one was appended to either of Gonzalez' motions tendered during 2009, he is not retrospectively saved from his omission by the state courts' later acceptance of his untimely filing -- as <u>De Jesus v. Acevedo</u>, 567 F.3d 941, 943 (7th Cir. 2009) holds:

> A state's decision to accept an untimely filing does not justify back-dating that filing.

With Gonzalez thus disentitled to claim statutory tolling, the only potential for his escaping the one-year time bar is the possibility of equitable tolling (see <u>Holland v. Florida</u>, 130

S.Ct. 2549, 2560 (2010)). But on that score, Gonzalez' assertions (1) that his attorney assured him that his state post-conviction would be timely filed and (2) that he relied on that advice do not constitute an "extraordinary circumstance" that Holland, 130 S.Ct. at 2562 would view as giving rise to equitable tolling.

In summary, Gonzalez' Petition is unquestionably untimely under Section 2244(d) and its relevant caselaw. Because that is so as a matter of law, nothing that Gonzalez could offer up by way of a reply would alter the result, and the Petition is dismissed. Finally, in accordance with Section 2254 Rule 11(a), this Court denies a certificate of availability (in that respect, Gonzalez may seek such a certificate from the Court of Appeals under Fed. R. App. P. 22).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 29, 2013