IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

UNITED STATES OF AMERICA       )
ex. rel. GILBERTO GONZALEZ     )
#K69916,                       )
                               )
          Petitioner,          )
                               )
     v.                        )   No.  13 C 314
                               )
RICK HARRINGTON, Warden,       )
                               )
          Respondent.          )

                 MEMORANDUM OPINION AND ORDER

    From the very inception of this action, brought by Gilberto Gonzalez ("Gonzalez") by his pro se filing of a Petition for Writ of Habeas Corpus ("Petition"), it was obvious that the threshold question of the Petition's timeliness should be addressed before this Court would consider its merits.  Accordingly this Court promptly issued its January 17, 2013 memorandum opinion and order ("Opinion I") that spelled out the framework for making that timeliness determination and ordered Gonzalez to file some supplemental information to enable that determination to be made.

    After a brief hiccup caused by Gonzalez' motion to stay the Petition because he claimed to have discovered additional grounds to support a successive post-conviction proceeding in the Illinois state court system (a motion that this Court's February 6 memorandum order entered and continued, while also extending the time within which Gonzalez could comply with the directive in Opinion I), this Court received a previously-mailed

submission from Gonzalez that provided the requested information.[1] That in turn triggered this Court's February 20 Opinion II, which (1) elaborated on the timeliness yardstick provided by 28 U.S.C. §2244(d), (2) noted "an added wrinkle" disclosed by Gonzalez' supplemental submission and (3) concluded by ordering the Illinois Attorney General's Office to file a response on the issues discussed in Opinion II and on the limitations question gene

After that office then requested and was granted a 30-day extension to enable it to assemble the documents needed to address the timeliness issue, on April 25 that office filed its detailed "Motion To Dismiss as Untimely." This Court promptly reviewed that submission, completed its own analysis and on April 29 filed another memorandum opinion and order ("Opinion III") that concluded:

> In summary, Gonzalez' Petition is unquestionably untimely under Section 2244(d) and its relevant caselaw. Because that is so as a matter of law, nothing that Gonzalez could offer up by way of a reply would alter the result, and the Petition is dismissed. Finally in accordance with Section 2254 Rule 11(a), this Court denies a certificate of availability[2] (in

---

[1] As this Court's ensuing February 20 memorandum opinion and order ("Opinion II") noted, Gonzalez' submission and this Court's February 6 memorandum order had obviously crossed in the mails.

[2] [Footnote by this Court] Talk about a hiccup--that typographical error, referring to "availability" rather than "appealability," escaped this Court's attention in the proofreading process. This opinion therefore orders that

that respect, Gonzalez may seek such a certificate from the Court of Appeals under Fed. R. App. P. 22).

In any event, this opinion is not occasioned by a desire to rehash the history of this case up to now. It is instead prompted by the May 8 delivery to this Court's chambers of the judge's copy of a hand-printed "Motion for Extension of Time To File Petitioners [sic] Response," which Gonzalez states he mailed on May 1, but which was not received in the Clerk's Office until May 7.[3] That motion asks for an extension to June 1 for the filing of a response (really a "reply"--see Rule 5(e) of the Rules Governing Section 2255 Cases in the United States District Courts).

Because Opinion III was a final judgment order disposing of the case, Fed. R. Civ. P. ("Rule") 59(e) allows Gonzalez 28 days--or to May 27--within which he can move to alter or amend that judgment. And under Rule 6(b)(2) that time period cannot be extended by this Court.

Accordingly Gonzalez is granted until May 27 (rather than June 1) to file such a motion to alter or amend (which would serve exactly the same purpose as the response that he has requested). As always, this Court will give Gonzalez the benefit of the "mailbox rule" (see Houston v. Lack, 487 U.S. 266 (1988)),

---

Opinion III be amended by correcting that typographical error.

[3] Again it is obvious from those dates that Gonzalez' motion was filed before he received Opinion III.

so that his mailing of such a motion, or his delivery of such a motion to the prison authorities for them to mail, on or before May 27 will be timely.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 9, 2013