```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED STATES OF AMERICA          )
ex. rel. GILBERTO GONZALEZ        )
#K69916,                          )
                                  )
                Petitioner,       )
                                  )
        v.                        )    No.  13 C 314
                                  )
RICK HARRINGTON, Warden,          )
                                  )
                Respondent.       )
```

## MEMORANDUM OPINION AND ORDER

On May 9, 2013 this Court culminated its inquiry into the question whether the Petition for Writ of Habeas Corpus ("Petition") filed by pro se plaintiff Gilberto Gonzalez ("Gonzalez") was timely under 28 U.S.C. §2244(d)("Section 2244(d)") by reconfirming (1) its negative answer to that question and (2) Gonzalez' right under Fed. R. Civ. P. ("Rule") 59(e) to move to alter or amend this Court's final judgment in that respect on or before May 27.[1] Gonzalez has timely filed such a motion, captioned "Motion For Relief From Judgment on the Dismissal of Petitioner's Habeas Corpus Petition as Untimely and/or Motion To Alter or Amend April 29, 2013 Order,"[2] and this

---

[1] See the May 9, 2013 memorandum opinion and order ("Opinion IV") and this Court's opinions that had preceded it: Opinion I dated January 17, 2013, Opinion II dated February 20 and Opinion III dated April 29.

[2] Although that motion was not received in the Clerk's Office until May 29, both it and Gonzalez' supporting affidavit are dated May 23, so that the "mailbox rule" applicable to prisoner filings (Houston v. Lack, 487 U.S. 266 (1988)) renders

memorandum opinion and order will deal with that motion.

As before, Gonzalez seeks to escape the impact of Section 2244(b)(1) by pointing to the action of his state law post-conviction counsel, attorney Jed Stone, in assertedly misinforming Gonzalez as to the filing of the federal habeas petition that was concededly filed too late (see Opinion III). As Gonzalez would have it, that entitles him to equitable tolling even though he did not satisfy the statutory tolling provision of Section 2244(d)(2).

But that provision reflects a lack of understanding of the very cases on which Gonzalez seeks to hang his hat: <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2559 (2010) and <u>Martinez v. Ryan</u>, 132 S.Ct. 1309, 1320 (2012).[3] This opinion will first treat with the rule pronounced by the Supreme Court in <u>Coleman v. Thompson</u>, 501 U.S. 722, 753-55 (1991) and then to go on to discuss <u>Holland</u> and <u>Martinez</u>.

Here are excerpts from <u>Coleman</u> (citations omitted) that provide the backdrop against which both <u>Holland</u> and <u>Martinez</u> must

---

the motion timely in terms of the May 27 deadline. Hence Gonzalez' statement as to jurisdiction, which labels the motion as having been brought under Rule 60(b)(1) and (6) rather than Rule 59(e), is inappropriate, and this opinion gives Gonzalez the benefit of the less stringent standard for relief prescribed by the latter Rule.

[3] This should not be misunderstood as criticizing nonlawyer Gonzalez for that lack of understanding, because the issue here is particularly complex for a nonlawyer.

be read (the first of these is from 501 U.S. at 752-73, the second is from id. at 753, the third is from id at 754, the fourth is from id. at 755 and the fifth is from id. at 756-57.

> Applying the Carrier rule as stated, this case is at an end. There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. Coleman contends that it was his attorney's error that led to the late filing of his state habeas appeal. This error cannot be constitutionally ineffective; therefore Coleman must "bear the risk of attorney error that results in a procedural default."

> \*   \*   \*

> Attorney ignorance or inadvertence is not "cause" because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must "bear the risk of attorney error."

> \*   \*   \*

> As between the State and the petitioner, it is the petitioner who must bear the burden of a failure to follow state procedural rules. In the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation, as Carrier says explicitly.

> \*   \*   \*

> Among the claims Coleman brought in state habeas, and then again in federal habeas, is ineffective assistance of counsel during trial, sentencing, and appeal. Coleman contends that, at least as to these claims, attorney error in state habeas must constitute cause.

> \*   \*   \*

> Given that a criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review, it would defy logic for us to

3

> hold that Coleman had a right to counsel to appeal a
> state collateral determination of his claims of trial
> error.
>
> Because Coleman had no right to counsel to pursue his
> appeal in state habeas, any attorney error that led to
> the default of Coleman's claims in state court cannot
> constitute cause to excuse the default in federal
> habeas.

This opinion turns, then, to the refinement to that standard--the opening of a narrow window of exception--that Holland and now Martinez have opened.

In 2010 the Supreme Court had occasion in Holland to examine the subject of equitable tolling of the one-year Section 2244(d)(1) statute of limitations. It held that such tolling could be allowed "in appropriate cases" (130 S.Ct. at 2560-62), it reconfirmed that a federal habeas petitioner who failed to comply with the timeliness requirement had to show "that some extraordinary circumstance stood in his way and prevented timely filing" (id. at 2562, internal quotation mark omitted) and it then repeated that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied" (id. at 2564).

Both more recently and more directly on point, just last year Martinez definitively explained the "narrow exception" to the broader Coleman pronouncement. Here is Martinez, 132 S.Ct. at 1315:

> The precise question here is whether ineffective
> assistance in an initial-review collateral proceeding

4

> on a claim of ineffective assistance at trial may
> provide cause for a procedural default in a federal
> habeas proceeding. To protect prisoners with a
> potentially legitimate claim of ineffective assistance
> of trial counsel, it is necessary to modify the
> unqualified statement in <u>Coleman</u> that an attorney's
> ignorance or inadvertence in a postconviction
> proceeding does not qualify as cause to excuse a
> procedural default. This opinion qualifies <u>Coleman</u> by
> recognizing a narrow exception: Inadequate assistance
> of counsel at initial-review collateral proceedings may
> establish cause for a prisoner's procedural default of
> a claim of ineffective assistance at trial.

That pronouncement is indeed on point, because it explains why Gonzalez' effort to bring the definitive caselaw to his aid is unsuccessful. Gonzalez' problem is that his post-conviction counsel in the state court system <u>did not</u> fail to raise Gonzalez' claims of ineffective assistance on the part of his trial and appellate counsel. Exactly the contrary is true: What Gonzalez labels as Ground Four in his Petition--"Petitioner was denied the effective assistance of trial and appellate counsel"--was expressly raised in his state post-conviction petition. Petition Pt. IIC in this case lists as the issues raised in the state petition:

   (1) ineffective assistance of trial counsel for failing to interview witnesses and object to sleeping juror; and

   (2) ineffectiveness of appellate counsel.

And although that state post-conviction petition was filed belatedly, attorney Stone succeeded in getting it considered by

5

the Cook County Circuit Court and then the Illinois Appellate Court, with the former dismissing the petition and the latter affirming the dismissal on the merits.

In sum, then, Gonzalez' situation is totally outside of the narrow window that the later caselaw has opened as an exception to Coleman.  Hence the erroneous advice that Gonzalez ascribes to his state post-conviction counsel on the issue of timeliness comes directly under the Coleman rubric and can provide Gonzalez with no relief here.

Accordingly this opinion reconfirms this Court's earlier rulings, and Gonzalez' current motion is denied.  Lastly, this Court also reconfirms its own earlier denial of a certificate of appealability ("COA") and once again apprises Gonzales of the possible opportunity to raise the COA issue before the Court of Appeals (although no ruling is either made or implied here on the question of timeliness or untimeliness of such an effort).

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date:   June 3, 2013