IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>GILBERTO GONZALEZ, #K69916,<br><br>                Petitioner,<br><br>v.<br><br>RICK HARRINGTON, Warden,<br>Menard Correctional Center,<br><br>                Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 13 C 314<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM ORDER

This Court has of course consistently carried out the procedures established by our Court of Appeals for ascertaining the filing fees and costs chargeable to pro se prisoner plaintiffs who take an appeal from an adverse decision by this Court.[1] But in the special case of plaintiffs who have filed a 28 U.S.C. § 2254[2] action seeking the equivalent of habeas corpus relief, where the modest District Court filing fee of $5 typically negates any need to seek in forma pauperis ("IFP") status, Section 1915 does not come into play at the District Court level, so that any request for IFP treatment on appeal would appear to be a matter controlled by the Court of Appeals, which sets its own rates, standards and requirements for the payment of appellate fees and costs in different classes of cases.

---

[1] That said, it is puzzling that the calculations as to the initial partial payment of such fees for purposes of the special type of in forma pauperis treatment prescribed by 28 U.S.C. § 1915 ("Section 1915") could not be just as well handled by administrative personnel at the Court of Appeals level when the prisoner plaintiff-appellant has complied with the Section 1915(a)(2) requirement as to transactions in his or her trust fund account for the relevant six-month period.

[2] All further references to Title 28's provisions will also simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

That subject was posed in this action, in which this Court dismissed the Section 2254 petition by Gilberto Gonzalez ("Gonzalez") and later denied his motion for reconsideration, after which Gonzalez filed a notice of appeal and our Court of Appeals ultimately denied a certificate of appeal, thus terminating the action. With no order having emanated from the Court of Appeals confirming that no appellate filing fee (payable either in advance or in installments) was called for, Gonzalez' trust fund account at Menard Correctional Center ("Menard," where he is in custody) has been deducting payments in the fashion called for by Section 1915. Gonzalez has now filed a motion (Dkt. No. 63) seeking relief from that handling, and this Court's inquiry to the Court of Appeals staff personnel has received the response that no appellate fees are "normally" called for in habeas cases. This Court finds Gonzalez' submission persuasive, and it hereby orders that:

1. Gonzalez' motion is granted, so that no further payments on account of any appellate filing fee are called for.
2. One copy of this memorandum order is to be transmitted to the fiscal personnel at Menard.
3. This District Court's Clerk's Office is ordered to remit to Menard, to be credited to Gonzalez' trust fund account there, an amount equal to all payments that Menard has made from his account ascribable to filing fees since July 23, 2013.[3]

_____
Milton I. Shadur
Date: April 23, 2014     Senior United States District Judge

---

[3] If any of those payments have been transmitted by the District Court's Clerk's Office to the Court of Appeals, the order in this paragraph of the text shall be complied with by that court's Clerk's Office.